## POTTER ET AL. V. WORLEY ET AL.

1. **Dower:** WILL. A widows' right of dower will not be barred by accepting the provisions of the will, when not inconsistent with her claim for dower. Following *Metteer v. Wiley*, 34 Iowa, 214.

2. ——: UNASSIGNED: HEIRS. When the widow fails to have her dower interest set apart during her lifetime, her heirs may recover the same after her death.

3. ——: ——. On rehearing, *held*, that under Sec. 2435, Rev., the widow was not required to object to or relinquish her rights under the will before she could claim dower, where her dower was in fee simple and vested immediately.

*Appeal from Cedar District Court.*

MONDAY, OCTOBER 24.

ACTION for the partition of real estate. Trial to the court, judgment for the defendants and the plaintiffs appeal.

*F. C. James* and *Wolf & Landt*, for appellants.

*Pratt & Carr*, for appellees.

SEEVERS, J.—The material facts are the real estate in controversy was owned by John Worley in his lifetime. He died December 14, 1864, on which day he executed a will devising all his property to Sarah Worley his wife for and during her life. Said will further provided that upon the death of Mrs. Worley, the property of the testator should be equally divided between his brothers and sisters, who are defendants in this action. Sarah Worley, at the decease of her husband, took possession under the will of all the property, both real and personal, and used and controlled the same as her own until her death in 1877.

The plaintiffs are her heirs at law, and as such claim that Mrs. Worley upon the death of her husband, became the owner of one-third of the real estate in fee simple of which her

husband died seized as her dower, and that they are entitled to recover the same, although Mrs. Worley did not object to the will and relinquish all the rights conferred thereunder, and did not have the said one-third interest assigned, or set apart during her lifetime. The legal propositions presented under the foregoing facts are:

I. Whether Mrs. Worley by accepting the provisions of the will thereby barred her rights to the one-third of the real estate in fee simple as her dower. This question under a precisely similar will has been determined in the negative in *Metteer v. Wiley*, 34, Iowa 214, the ground of the ruling being that there was no inconsistency between the taking under the will and the claim to dower. The case just cited, and that at bar, are distinguishable from *Kyne v. Kyne*, 48 Iowa 24. In this last case, the acceptance of the provisions of the will was inconsistent with any claim of dower by the widow. Hence it was held her failure to object to the will, and assert her right to dower, prevented her devisees after her death from asserting a claim thereto.

*1. DOWER: will.*

II. Does the failure of Mrs. Worley to have her dower interest assigned and set apart during her lifetime, prevent her heirs from recovering the same, after her death. If there had been no will, there could not, under the statute, Code, § 2440, be any doubt that upon the death of her husband, Mrs. Worley would have been vested with the legal title to one-third of the real estate, of which he died seized. This being so the estate would have descended to her heirs, whether her interest had been set apart or not. The estate vests immediately upon the death of the husband, or it does not do so at all. Being a fee simple estate, it must of necessity descend to the heirs of the widow, unless she in some manner disposes of it in her lifetime. Such an estate cannot be obliterated, or destroyed by the mere passive action of the owner unless there is some statute which so declares. The only statute bearing on this question is Rev., § 2435, which

*2. ——: unassigned: heirs.*

was in force when the will was executed, and at the time Mrs. Worley took possession thereunder. This statute was in force at the time the will was executed in *Metteer v. Wiley*, before cited, and at the time the rights in that case accrued.

The only point decided in *Rausch v. Moore*, 48 Iowa, 611, is that an unassigned dower interest was not liable to be seized on execution or attachment in a suit at law.

REVERSED.

### ON REHEARING.

SEEVERS, J.—On the application of appellees, a rehearing was granted as to the first point in the foregoing opinion. As John Worley died when Rev., § 2435, was in force, counsel for the appellees insist that Mrs. Worley could not accept under the provisions of the will, and also have dower. That in order to obtain the latter, she must have objected to and relinquished rights conferred on her by the will. The said section is as follows: "The widow's dower cannot be affected by any will of her husband, if she objects thereto and relinquishes all rights conferred upon her by the will." This section is the same as § 1407, of the Code of 1851, from which it was taken. The construction of these sections is not an open question. It having been several times held, that if the claim of dower was not inconsistent with the provisions of the will, the widow was not required to object to or relinquish her rights under the will before she could have dower. *Corriell v. Ham*, 2 Iowa, 552; *Sully v. Nebergall et al.*, 30 Id., 339; *Metteer v. Wiley*, before cite; *Watrous v. Winn*, 37 Iowa, 72; *McGuire v. Brown*, 41 Id., 650. As the dower in the case at bar was one-third in fee simple, it vested in the widow immediately upon the death of her husband without action on her part.

On the other hand it has been held if the claim of dower is inconsistent with the provisions of the will, the widow cannot have both. *Cain v. Cain*, 23 Iowa, 31; *Shields v. Keyes*, 24 Id., 298; *Kyne v. Kyne*, 48 Id., 21. Those cases proceed on the theory that in such case, before the widow can have dower,

she must relinquish her rights under the will. In such case the dower does not vest immediately on the death of the husband, but when the election to take dower is made. The case at bar clearly comes within the rule of the cases first cited, and therefore the former opinion is adhered to.

ADAMS, CH. J., *dissenting.*