## BLAIR ET AL. v. WILSON.

1. **Dower:** LIFE ESTATE: INTEREST OF HUSBAND. Under the facts in this case; *Held*, that acceptance by the wife of a life estate in eighty acres, including the homestead, was not inconsistent with her right to dower; that possession of all the land during her life did not evince an election to take the homestead in lieu of dower; and that upon her death her second husband became entitled to one-third of her dower interest in the lands of her former husband.

*Appeal from Madison District Court.*

TUESDAY, OCTOBER 25.

THE essential facts in this case, and about which there is no dispute, are as follows:

Alexander Blair was seized in fee of about 210 acres of land. On the 2d day of December, 1874, he executed and delivered to Martha Blair, his wife, a deed for eighty acres of said land, to have and to hold the same during her natural life. The conveyance expressed a consideration of two thousand dollars, and is in the ordinary form of a warranty deed, excepting that it conveyed a life estate only. The dwelling house of the parties to the conveyance was situated on the land so conveyed, and they occupied the same as a homestead. They continued to reside thereon until October 4, 1876, when said Alexander Blair died, intestate. February 23, 1877, said Martha Blair intermarried with the defendant, James Wilson, and she died, intestate, in December, 1877. After the death of said Blair, his said widow continued to reside upon the homestead until her marriage with Wilson, and after that she and Wilson resided thereon until her death.

The plaintiffs are the heirs of Alexander Blair, and claim all of said real estate. The defendant claims that upon the death of said Blair his widow became seized in fee of one-third of said land as her dower in his estate, and that upon the death of said Martha, the defendant, as her husband, became seized

of the one-third of the interest owned by her as his dower or distributive share in her estate. The court below found that the defendant was not entitled to any interest in said land. The defendant appeals.

*McCaughan & Dabney*, for appellant.

*M. Polk* and *A. W. Wilkinson*, for appellee.

ROTHROCK, J.—I. In *Metteer v. Wiley*, 34 Iowa, 214, and in *Potter v. Worley*, *ante*, 66, it was held that where a hus-

1. DOWER; life estate: interest of husband.

band devised his real estate to his widow during her natural life, such devise was not inconsistent with the dower right of the widow, in the land devised. So in the case at bar, the acceptance by the wife of the conveyance of a life estate in eighty acres of land is not inconsistent with her right to dower in the whole premises.

But it is claimed in behalf of appellees that the widow elected to take the homestead in lieu of dower. It is true, she remained in possession not only of the homestead, but of all the land during her life. But such possession in no manner evinced an election to take the homestead in lieu of dower. If her possession be claimed to have been under the life estate conveyance, it being for eighty acres, it cannot be said that by such possession she evinced an election to take the homestead, because the possession was not limited to the homestead. As the life estate in the eighty acres was not inconsistent with the right of dower, such right accrued at once upon the death of the husband. The legal title to one-third of the real estate vested immediately in the widow, and descended to her heirs, unless she was in some manner divested of it during her lifetime. *Potter v. Worley, supra.* It is said that she elected to take the homestead in lieu of the one-third in fee simple, and that such election was evinced by her occupancy of the homestead. But we have seen that her possession was not inconsist-

ent with her right to one-third in fee. In *Butterfield v. Wicks*, 44 Iowa, 310, it is held that the surviving husband or wife cannot enjoy at the same time both dower and homestead, in the real estate of the decedent, and that continued occupancy of the property *as a homestead* will be regarded as an election to hold it as such. But in that case the only property left by the decedent was a homestead, and it was averred in the petition that the survivor occupied and possessed the property as his homestead from the death of his wife up to the commencement of the suit, a period of about ten years. The rights of the husband in that case were determined upon a demurrer to the petition. In the case at bar there was no such exclusive possession of the homestead forty acres.

We think the defendant is entitled to one-third of the dower or distributive share of the widow.

REVERSED.