## HOUSTON, ADM'R, v. LANE ET AL., EX'RS.

1. **Will:** ACCEPTANCE OF TERMS OF BY SURVIVING SPOUSE: STATUTE STRICTLY FOLLOWED. Under §§ 2440 and 2452 of the Code, the inter-est of the surviving husband or wife in the estate of the deceased spouse is not affected by a will, unless consent thereto is entered of record within six months after notice of the provisions of the will. Consent and acceptance are not sufficient without the record entry; and the record cannot be made after the expiration of the six months. *Baldozier v. Haynes*, 57 Iowa, 683, followed. In this case, the executors of the deceased wife sought to have the consent of the husband entered after his death, as against his administrator.

| 62 | 291 |
|----|-----|
| 87 | 195 |

| 62 | 291 |
|-----|-----|
| 114 | 712 |

| 62 | 291 |
|------|-----|
| e115 | 309 |

| 62 | 291 |
|------|-----|
| e126 | 451 |

| 62 | -- |
|------|-----|
| 137 | 385 |

*Appeal from Des Moines Circuit Court.*

SATURDAY, DECEMBER 8.

A MOTION was made by defendants in the court below,
sitting as a court of probate, in the matter of the estate of
Sophia H. Warren, deceased, that an entry be made of record
of the consent of the husband of the testator to take under
the will. The motion was sustained, and plaintiffs appeal.

*P. Henry Smyth & Son,* for appellant.

*B. J. Hall,* for appellees.

Beck, J.—I. The plaintiff is the administrator of the estate of Fitz · Henry Warren, deceased, and the defendants are the executors of the will of his wife, Sophia H. Warren, deceased. On the 21st day of May, 1877, the will of Mrs. Warren was admitted to probate in the court below. It is in the following language.

"I, Sophia H. Warren, wife of Fitz Henry Warren, of Burlington, Iowa, do make and publish this my last will.

"1. I appoint C. C. Warren and George H. Lane executors without bond.

"2. After my debts are paid, I direct that one-third of my estate, real, personal or mixed, be held, invested and managed by my executors for the benefit of my husband, and that they semi-annually pay to him the income thereof during his natural life. If the income should prove insufficient for his comfortable support, then they are authorized to apply such part of the principal as may be necessary for that purpose. At my husband's death, such property as shall remain shall be equally divided between my son, Francis, and daughter, Lilly.

"3. One-third of said rest, residue and remainder of my estate I give, devise and bequeath to my son, Francis J. Warren; provided, however, and this bequest is upon the following condition: That said bequest shall not be paid to him until he attain the age of thirty years, but in the meantime shall be invested and managed by my said executors, and the income paid to him semi-annually, &c.

"4. The other and remaining third of said residue and remainder I give, devise and bequeath to my daughter, Lilly Johnson Warren, subject to the following conditions and limitations, viz: That the same shall not be paid her until she is twenty-five years of age; in the meantime the same shall

be held, invested and managed by my said executors, and the income thereof paid to her semi-annually until she is twenty-five years of age as aforesaid.

"5. In order to enable my said executors the more effectually to carry out the several provisions of this my will, I do hereby give them full power and authority to sell any property left by me, and convey the same, whether real, personal or mixed, as fully as I could do, if living, and to invest the same, and the same again to sell, convey and invest, without limit or restraint. And in case of the decease of my executors, or their non-acceptance of or removal from said trust, I direct that their successors, to be appointed by the probate or other court having jurisdiction thereof, shall have the same power of disposal and investment of the real and personal estate, and the same duties in relation to the trusts herein established, as my executors have in and by this will."

The defendants are executors under the will.

General Fitz Henry Warren died, June 21, 1878, and the plaintiff was duly appointed administrator of his estate.

No consent of General Warren to take under the will of his wife was made of record in the court below, as required by Code, § 2452, prior to the order appealed from in this case. On the 18th day of May, 1882, the defendants moved the court below to cause to be entered of record such consent. The motion was sustained and the record was accordingly made on that day.

There was evidence showing that Gen'l Warren had full knowledge, from the first of the provisions of the will, and, indeed, that it was framed to accord with his suggestions, and that he received from the executors payments under the will, and transferred to his daughter by written assignment all his right to the sums of money to be paid him by the executors under the will. Upon this proof, and without evidence of any formal assent by Gen'l Warren, either written or oral, made in court, or any showing that any such order had been directed but had not been entered of record, the

court below entered the order complained of by plaintiff. It will be observed that it is not a case of a *nunc pro tunc* entry upon the record.

II. Code, § 2452, provides that "the widow's share [of the estate of her deceased husband] cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered upon the proper record of the circuit court." This provision is applicable to the surviving husband of a deceased wife. Code, § 2440.

It will be observed that the interest of a surviving husband or wife in the estate of the deceased spouse is not affected by a will, unless consent thereto is entered of record within six months after notice of the provisions of the will. It is not claimed that record of such consent was made in this case at any time during the life of General Warren. More than six months transpired after his death before the order appealed from in this case was made. If it be conceded that he had the notice required by the statute, and consented, a point we do not determine, the record was not made within the time prescribed by the statute above quoted, which we have held to be essential in order to defeat the rights of the surviving spouse. See *Baldozier v. Haynes*, 57 Iowa, 683.

This decision is decisive of the case before us. It is, however, questioned by defendant's counsel. We think it accords with the plain language of the statute. Indeed, no other conclusion could be reached which would not be in conflict therewith. With the wisdom of the statute, or its policy, we have nothing to do. It in unmistakable words prescribes that, in the absence of a record of consent to the will made within six months of notice of its provisions, the survivor's rights are not affected thereby. *Ita lex scripta.* We cannot nullify or change it by interpretation.

III. It is urged that Gen'l Warren did consent to the will in his lifetime. But consent alone does not defeat his

rights under the provisions of the statute above quoted. They are not defeated, unless a record be made of that consent. It is argued that, if no notice be given, the consent may be entered of record at any time, and is not restricted to the six months named in the statute. To so hold would be the cause of uncertainty in the settlement of estates, and would result in loss and injustice to innocent parties.

Other arguments are pressed with zeal by counsel for plaintiff. They are mainly based upon the effect of the law, considerations based upon a comparison of the statute with prior enactments upon the same subject, and the like. While they are not without force, they fail to convince us that the case is not within the rule of *Baldozier v. Haynes*, or to satisfy us that our decision in that case is not correct. In our opinion the decision of the circuit court ought to be

REVERSED.