## DAUGHERTY v. DAUGHERTY ET AL.

1. **Dower**: NOT DEFEATED BY TAKING OTHER DEVISED REALTY: RULE APPLIED. A widow may take her dower, notwithstanding she also takes other real estate devised to her in the will of her deceased husband, unless there be an express provision in the will to the contrary, or the claim for dower be inconsistent with and will defeat some provision of the will. Accordingly, a devise to the widow of certain lots absolutely, and of a life estate in certain lands, with remainder to another, *held* not to cut off her right to take, in addition thereto, a fee-simple estate in one-third of the lands. (See opinion for consideration of prior decisions.)

*Appeal from Buchanan Circuit Court.*

SATURDAY, OCTOBER 23.

THIS is a proceeding in the circuit court, sitting as a court of probate, for the admeasurement of the dower of plaintiff in certain lands. One of the heirs of plaintiff's deceased husband, who is named as a devisee in his will, and is a defendant to the action, demurred to the petition. The demurrer was overruled. The defendants appeal.

*Woodward & Cook*, for appellants.

*E. E. Hasner*, for appellee.

BECK, J.—I. The petition shows that plaintiff's deceased husband executed a will set out in the petition, which disposes of the testator's property in the following language:

"*First.* After the payment of all my just debts, I give and bequeath to my beloved wife, Abbie Daugherty, all of the personal property of which I may die seized.

"*Second.* I desire that my said wife shall hold, occupy and control all of the real estate of which I may die seized during her natural life.

"*Third.* On the death of my said wife, I give, bequeath and devise to my son Martin Daugherty, junior, the following described real estate: The south $23\frac{1}{2}$ acres of N. E. $\frac{1}{4}$ S. W. $\frac{1}{4}$, and the south $23\frac{1}{2}$ of the N. W. $\frac{1}{4}$ S. W. $\frac{1}{4}$, of section (3) three; also the south half ($\frac{1}{2}$) of the south-west ($\frac{1}{4}$) quarter of section three, (3) township (88) eighty-eight, range seven, (7,)—being in all 127 acres, more or less, and situated in Buchanan county, Iowa.

"*Fourth.* I give, bequeath and devise to my daughter, Anna Rooney, the following described real estate: Lots four (4) and five, (5,) in block two, (2,) in Cornick's addition to the village of Winthrop, of Buchanan county, Iowa."

The devise to Anna Rooney, was by a codicil revoked, and the property mentioned therein was devised to plaintiff. The petition alleges that plaintiff claims the property given to her by the will. She asks that, in addition thereto, her dower interest in the lands devised to defendant Martin Daugherty, Jr., be set apart to her. The defendant demurred to the petition, on the ground that it appears on the face of the will that the devise to plaintiff is in lieu of the share of the estate to which she is entitled under the provisions of the law, which is called in her petition her dower interest. While the statute (Code, § 2440) abolishes the estate of dower, and the interest in the lands of the deceased husband given by law to the widow is designated by other terms used in the statute, the profession continues to use the word "dower" to designate such interest, doubtless finding it con-

venient in describing the estate of the wife in the lands of her deceased husband. No confusion or misunderstanding arises from the use of the word, the profession understanding its meaning in accord with the estate prescribed by the statute.

II. It may be assumed, as no question is made upon the point, that the plaintiff had accepted under the will. We are required to determine whether the plaintiff can take both under the will and under the law,—whether she can hold the property set apart to her by the will, and claim a dower interest in the property devised to other persons. This court, by numerous decisions, has recognized the rule that the widow may take dower, notwithstanding a devise to her in the will, unless there be an express provision in the will to the contrary, or the claim for dower be inconsistent with and will defeat some of the provisions of the will. *Corriell v. Ham*, 2 Iowa, 551; *Clark v. Griffith*, 4 Id., 405; *Cain v. Cain*, 23 Id., 31; *Sully v. Nebergall*, 30 Id., 339; *Metteer v. Wiley*, 34 Id., 214; *Watrous v. Winn*, 37 Id., 72; *Van Guilder v. Justice*, 56 Id., 669; *Snyder v. Miller*, 67 Id., 261. We are required to apply this rule to the facts disclosed by the record in this case.

III. The devise of the lots to the plaintiff made by the codicil is not affected or defeated by the plaintiff's claim of dower. Nor is her claim to the lots inconsistent with the provision of the will.

IV. We are next to inquire whether, if dower be allowed plaintiff, the devise to Martin Daugherty, Jr., of the fee of the other land owned by the testator, will be defeated, and whether the allowance of dower is inconsistent with the devise. This precise question has been twice decided by this court; which has as often held that a devise of a life-estate to the wife will not defeat her claim for dower. *Metteer v. Wiley* and *Watrous v. Winn, supra*. It is shown in the first case that the dower of the wife attached at a time when the estate, under our statutes, was the same as at pres-

ent, namely, an estate in fee-simple. We are authorized to presume that the same is true as to the other case. The rule of these cases, having been unquestioned for so many years, ought not to be now disturbed.

We think it is doubtful whether *Corriell v. Ham*, *Clark v. Griffith*, and *Sully v. Nebergall* can be regarded as supporting the rule, for the reason that dower in each case, under the statute applicable to it, was, at the time, a life-estate. But we base our conclusion upon the authority of *Metteer v. Wiley* and *Watrous v. Winn*, rather than upon the principles upon which these decisions are based.

In our opinion the circuit court rightly overruled defendant's demurrer to plaintiff's petition.

AFFIRMED.