HOWARD v. WATSON *et al.*

1. **Dower:** NOT DEFEATED BY TAKING UNDER WILL. A widow may take a life estate devised to her by her husband, and also her dower, unless there is an express provision in the will to the contrary, or the claim for dower is inconsistent with and will defeat some provision of the will. ( See cases cited in opinion.)

2. **Estates of Decedents:** ELECTION OF WIDOW TO TAKE UNDER WILL: WHEN TO BE FILED. A widow's failure to file her election to take under her husband's will does not affect her right so to take, where no notice has been served on her of the provisions of the will. Section 2452 of the Code gives her six months after the service of such notice to file her election ; and the fact that she has knowledge of the provisions of the will makes no difference.

*Appeal from Buchanan District Court.*—HON. D. J. LENEHAN, Judge.

FILED, DECEMBER 19, 1888.

ACTION for partition of real estate. Demurrer to the petition, which was sustained, and the plaintiff appeals.

*Woodward & Cook,* for appellant.

*C. E. Ransier,* for appellees.

SEEVERS, C. J.—The petition states that E. H. Gallaher departed this life owning certain real estate, and that plaintiff is one of his heirs at law, and that the defendant, Mrs. Watson, is his widow. That the latter has had her dower or distributive share in said real estate admeasured and set off, and that plaintiff is entitled to have the residue of the real estate of which the said Gallaher died seized partitioned. That said Gallaher, prior to his death, executed a will which has been duly admitted to probate, and the following

provisions are contained therein : " I give to my wife, Elizabeth Gallaher, after the payment of my debts, all my property, both real and personal, during her lifetime, and after her death to remain in the hands of an executor until the youngest of my children shall reach majority; then to be divided equally among my children. But in case my daughter Kate L., or any of the children, should die before such division shall be made, then, instead [ of ] their equal shares to their children, fifty dollars each. I appoint my wife, Elizabeth Gallaher, executor without bonds." That said Elizabeth was appointed executor of the said will and estate, and entered upon her duties as such in 1884. At that time she received a copy of such will, and never caused any such acceptance of the provisions of the will to be entered of record as is provided in section 2452 of the Code. The prayer for relief is in the usual form.

I. The first question we are required to determine is whether the defendant, Mrs. Watson, can take under the will, and also one-third of the real estate, in fee-simple, as her distributive share. Whether there was any personal estate we are not advised, and no question arises on the record in relation thereto, and therefore *In re Foster*, *post* p. —, has no application to the case at bar. The devise to the defendant is an estate for life, and it has been held that a widow " may take dower, notwithstanding a devise to her in the will, unless there is an express provision in the will to the contrary, the claim for dower be inconsistent with and will defeat some provision of the will." *Daugherty v. Daugherty*, 69 Iowa, 677. And in *Metteer v. Wiley*, 34 Iowa, 214, it was held that the devise of a life estate would not bar the right of a widow to a distributive share of the real estate owned by her husband at his death. Therefore, following these cases, we are required to hold that the provisions of the will are not such as to bar the right of Mrs. Watson to a distributive share of the real estate.

II. Section 2452 of the Code provides that " the

1. DOWER: not defeated by taking under will.

widow's share cannot be affected by any will of her husband unless she consents thereto within **2. Estates of decedents: election of widow to take under will: when to be filed.** six months after notice to her of the provision of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit court." What effect does the failure of Mrs. Watson to accept the provisions of the will have on the life-estate devised to her? None, because the notice contemplated by the statute has not been given. We suppose it is assumed by counsel that, because she should be presumed to have knowledge of the provisions of the will, a notice was not required. But the statute does not so provide. The statutory thought is that if no person interested in the estate, as heir or otherwise, objects, or causes the widow to be served with the required notice, she is not bound to make any election, but may enjoy what has been devised to her. She has six months after notice in which to make her election, and not six months after she obtains knowledge of the provisions of the will. She can remain passive until such notice is given. The demurrer was therefore correctly sustained.

AFFIRMED.