IN RE ESTATE OF L. WHITED, Deceased; W. W. WHITED, Executor, Appellee, v. JOHN S. PEARSON *et al.*, Appellants.

| 87 | 513 |
| s90 | 489 |
| 87 | 513 |
| 96 | 333 |
| 87 | 513 |
| e115 | 308 |
| 115 | 369 |
| 87 | 513 |
| 126 | 451 |

1. **Estates of Decedents:** RIGHTS OF WIDOW: HOMESTEAD: ELECTION TO TAKE UNDER WILL. Where a will gave to a widow the homestead for life in lieu of dower, and she continued to occupy the same for ten days after her husband's death, when she ·took up her abode at another place, leaving a part of her household goods in a part of the house, and renting the other part to a tenant for six months, with the privilege to the tenant to further occupy the house if she did not want it then, but, although she expressed herself as intending to make the homestead her home, she never elected in the manner prescribed by statute to take under the will, nor made application for her distributive share, and died about five months after the death of her husband, *held*, that the acts of the widow did not amount to an election to take the homestead under the will in lieu of her distributive share.

VOL. 87—33

2. ——: ——: ——: ——. *The widow having died pending
her right to make an election, and never-having been notified to make
the same under section 2452 of the Code, and having never placed of
record her consent to take under the will,* held, *that the estate of the
widow was entitled to one-third of the real estate of her deceased
husband.*

*Appeal from Cass District Court.*—HON. N. W. MACY,
Judge.

WEDNESDAY, FEBRUARY 1, 1893.

L. WHITED died testate in April, 1889, leaving
Mary A. Whited as his widow. The following are the
provisions of his will in her favor:

"Second. I do hereby grant and bequeath the
house and lot in Atlantic, Iowa, on which we now live,
being lot ——, in block ——, in the city of Atlantic,
Cass county, Iowa, to my beloved wife, Martha A.
Whited, during her lifetime, with the further right, if
she may so desire, to sell and convey it, and, if it be
necessary for her support at any time, she may use the
proceeds thereof, or so much as she may need for that
purpose, and the balance, whether in money or other
property, at her death, shall go to my children in equal
shares. She, my said wife, to have in her own right,
and for her own use, all household furniture, and one
cow, two shoats and one horse (the gray mare), now
owned by me. I further direct my said executor to
sell all the balance of my real estate and personal prop-
erty at private sale, on the most advantageous terms he
can procure, and as soon as he may be able to do so on
fair terms; and he is hereby empowered to make con-
veyance of the same. He shall collect all debts due
me, and discharge all just claims against my estate,
and the balance of my said estate shall be disposed of
as follows: The rent of my farm, until sold, shall be
paid over to my wife for her support and use; my said
wife, Martha A. Whited, to have in her own right one-

third of the proceeds from sale of my said real estate ordered sold as aforesaid; these devises to my said wife being in lieu of dower in my estate under the law, and not in addition thereto. The balance of said proceeds of sale, together with any balance there may be from personal effects, after paying debts therefrom, shall be disposed of as follows, together with the sums hereinafter directed to be deducted from the share of same, to wit." The further provisions of his will are in favor of his children, of whom the plaintiff executor is one.

In September, 1889, Mary A. Whited died, and the defendants, five in number, are children by a former husband, except one Sidney Whited, who was a daughter of the testator and Mary A. Whited. The house and lot devised by the will to the widow was the homestead of L. Whited and wife at his death. After the death of L. Whited the widow continued to occupy it for about ten days, when she went to the farm mentioned in the will, which was rented to a son of L. Whited, and occupied a part of the house thereon until her death. The widow made no election to take under the will, nor was a distributive share of the real estate admeasured to her; and, because of adverse claims of the respective heirs, the executor instituted this proceeding, based upon his report as to the facts, saying that "since her death the question 'How shall the estate be executed' has arisen, so far as the rights of the widow and her heirs are concerned." The executor then "asks the court to order distribution of said estate in accordance with the terms of said will, and the provisions of the law as applicable since the death of the widow."

The defendants, by answer, say that the widow abandoned the homestead; that she frequently said she would abide by the will, and that such was her intention to the time of her death; and that, before

she had time to have entered in court her election to take under the will she sickened and died. They claim either what the widow would have been entitled to under the will, or one-third of the real estate as her distributive share under the law. The district court denied to them either, holding that the widow's right was limited, under the facts, to a homestead right in the real estate by her failure to elect to take her share under the will, and by her failure to have her share set apart to her, as provided by law, during her lifetime. From this order the defendants appealed.— *Reversed.*

*Willard & Willard*, for appellants.

*H. G. Curtis*, for appellee.

GRANGER, J.—I. We are first to determine if the widow, by her acts, is limited to a homestead right in the real estate of her husband. At the outset it will be well to have clearly in mind her rights at his death. They were: *First*, the homestead right. If she accepted this, she could claim neither of the others. *Second*, a distributive share under the law,—one-third in fee. This she could take without the homestead right, but it might include, or be, the homestead. Code, section 2441. *Third*, the benefits conferred by the will. Unless she has elected to take the homestead right or the benefit of the will in her favor, she is entitled to the distributive share. No form of election is prescribed by the law for the homestead, and such an election may be judged from the acts or declarations of the widow.

For the present, at least, let us limit our consideration to the question whether there has been such a homestead election as to defeat a distributive share in behalf of the widow, without reference to the provisions

*Marginal note:* 1. ESTATES OF decedents: rights of widow: homestead: election to take under will.

of the will, for such a share is an alternative right contended for by the defendant. Let us inquire what the rights, of the widow were as to the homestead occupancy, without its amounting to an election, so as to defeat her right to the distributive share. The facts upon which her election to take the homestead is claimed are her occupancy for about ten days after the death of her husband, leaving a part of her household goods in a part of the house, renting the balance of the house till November 1 of that year, with a privilege to the tenant to further occupy it if she did not want it then, and some statements that she intended to live and make her home in the house at Atlantic. These statements appear to have been made rather in reference to occupancy under the will than under the homestead right, for the witness, speaking of the widow's having read the will, and of her statements, said: "The way we came to talk about it, they were all talking about it; there were several of them there. She said she guessed it was all right if father made it that way." There is no claim that she ever expressed herself as intending to take the homestead right as her interest in the real estate.

Code, section 2008, provides that "setting off of the distributive share of the wife in the real estate of her husband shall be a disposal of the homestead." In *Burdick v. Kent*, 52 Iowa, 583, it is held that the wife is entitled to occupy the homestead even after she has filed her application to have her distributive share set off to her; that the election to take the distributive share does not defeat the right of homestead occupancy, but that it continues until the distributive share is set off, following the language of the statute that "the setting off * * * shall be a disposal of the homestead." Hence the mere fact of occupancy of the homestead could not defeat the widow's right to her distributive share. See also *Darrah v. Cunningham*, 72

Iowa, 123. This seems decisive of the point under consideration. Until the homestead is disposed of, the widow may continue to occupy it. Code, section 2007. At the time of Mrs. Whited's death, the homestead had not been disposed of, nor had she elected to accept it. We are cited to no case not in harmony with this view. See *Egbert v. Egbert*, 85 Iowa, 525.

II. Having determined that the widow's rights are not limited to a mere homestead right under the issues, we should settle the point as to whether her rights are those under the will or a distributive share; and in this respect we experience no difficulty. She had never been notified to make an election under the provisions of Code, section 2452, nor had she ever placed of record her consent to take under the will. The section is as follows: "The widow's share can not be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the district court." There are some cases in which a consent to take under the will has been adjudged, but in no case has it been done where there was not something of record on which to base such a conclusion. In this case there is nothing of record. The claim of election is based on her acts and statements. If she were alive, they would not defeat her right to a distributive share. She died pending her right to make her election, without which the law fixes her proportion of the estate.

These conclusions require an order to the executor to make distribution of the estate on the basis that the estate of the widow is entitled to one-third of the real estate of her deceased husband, and the cause is remanded to the district court, where such an order will be entered. REVERSED.