ALICE BARE v. THOMAS H. BARE *et al.*; GEO. F. BARE, Intervener and Appellant.

**Dower: Distributive Share: Election Needless:** EFFECT OF HEIR'S DEED BEFORE DEATH OF WIDOW. A widow to whom the will gives a life estate, with the fee to the children at her death, to lands consisting of more than a homestead, may remain in possession of it without thereby being put to any election between taking under the will and dower. At her death an undivided third of the land descends to her heirs. A deed by one of the heirs, in which he conveys all his interest in the land, made before the death of the mother, does not estop him from claiming his share in her dower third after she dies.

*Appeal from Davis District Court.*—HON. W. I. BABB, Judge.

FRIDAY, MAY 18, 1894.

THIS is an action for the partition of real estate. There was a petition of intervention filed by George F. Bare, in which he claimed an interest in the land. A demurrer to the petition of intervention was sustained, and the intervener appeals.—*Reversed.*

*Eichelberger & Taylor* for appellant.

*Payne & Sowers* for appellees.

ROTHROCK, J.—The facts in the case, as appears from the petition of the plaintiff and the petition of intervention, are as follows: Thomas Bare died in the year 1874, seized of one hundred and eighty acres of land. He left a last will and testament, by which he devised to his wife, Mary A. Bare, all of his property, "to have and to hold the same during her lifetime," and to his children all the real estate that he died seized of, subject to his wife's life estate. After the death of the testator, George F. Bare, one of his sons, conveyed to W. R. Bare all his interest in said land. It is averred in the petition that Mary A. Bare, the widow, accepted under the said will, and enjoyed, the estate conveyed and devised therein to her until her death, which occurred in January, 1892. It is averred in the petition that the conveyance made by George F. Bare divested him of all interest in the land. It is alleged in the petition of intervention that the widow lived upon the lands described until her death, "but that she was never notified by the heirs or others of the provisions of the will in her behalf, or required at any time to make an election thereunder, to accept or reject the provisions thereof, made in her behalf, and she never formally accepted the provisions of said will, or had her acceptance entered of record, but she did in fact accept the provisions of said will by enjoying and occupying the real estate for her natural life; that she never had her dower interest in said lands set off or admeasured." The substance of the claim of the intervener is that the widow took a life estate in all the land, and was also entitled to a distributive share or dower of one third of the land in fee simple, and that, as the intervener only conveyed the interest he had before the death of his mother, he is now entitled to a share of the widow's dower as an heir of the widow. The plaintiff and the other children

claim that the possession of the widow should be regarded as a homestead claim, and that she took nothing but a life estate in any of the land, and that no interest in the land descended to the intervener at her death.

The first question to be determined is whether the widow was entitled to a life estate in all of the land, and also dower or a widow's share, which was an undivided one third of the land, in fee simple.

It has long been a settled principle in this state that unless a devise to a wife, either by express words or necessary implication, is shown to be in lieu of dower, she will not be compelled to elect which she will take, but is entitled to both. The intention that the devise shall be in lieu of dower must be clear and manifest from the instrument, and founded on the fact that the claim of dower would be inconsistent with the will, and defeat its provisions. *Corriell v. Ham,* 2 Iowa, 552; *Clark v. Griffith,* 4 Iowa, 405; *Sully v. Nebergall,* 30 Iowa, 339; *Metteer v. Wiley,* 34 Iowa, 215; *Watrous v. Winn,* 37 Iowa, 72; *Daugherty v. Daugherty,* 69 Iowa, 677, 29 N. W. Rep. 778; *Howard v. Watson,* 76 Iowa, 229, 41 N. W. Rep. 45; *Potter v. Worley,* 57 Iowa, 66, 7 N. W. Rep. 685, and 10 N. W. Rep. 298; *Blair v. Wilson,* 57 Iowa, 177, 10 N. W. Rep. 327. These and other cases which might be cited are based upon the theory that no election is necessary by the widow, because she is entitled to take under the will, and also dower, under the law; and many of the cited cases are in their facts precisely like the case at bar; that is, a devise to the widow for life of all the real estate consisting of more than a homestead, and, after the life estate, to the children in fee. And in some of the cases, as in this case, the widow remained in possession of all the land without making any formal election, and it was held that, as no election was necessary, there was no relinquishment of the right to dower in

all of the land. The case in all its essential facts appears to us to be precisely like *Howard v. Watson,* and *Potter v. Worley, supra.* The line of cases above cited is different from the case of *Butterfield v. Wicks,* 44 Iowa, 310, and other cases, where it is held that the continued occupancy of the homestead after the death of the husband or wife in whom the title is vested will be regarded as an election to hold it as such. All of that class of cases are such as demand an election between the homestead right and the right of dower. In the case at bar, the possession of the widow was consistent with the right of dower, and, as in *Potter v. Worley, supra,* at her death, an undivided one third of the land descended to her heirs. We think the demurrer to the petition of intervention should have been overruled. REVERSED.