COPY OF WILL
I, Thomas A. Brooks, of the county of Chatham, and State of North Carolina, being of feeble health, but of sound mind, do declare this to be my last will and testament, after paying all my debts, except those *Page 96 
debts that are barred by the statute of limitations, I will and bequeath all my real and personal property to my beloved wife, Martha B. Brooks, to have and possess as long as she remains my widow. Should she marry, then the law is my will. I appoint and request that O. A. Hanner to be my executor to this my last will and testament.
THOMAS A. BROOKS.
October 13, 1891. Test: W. A. TEAGUE. J. F. LAMBE.
Martha B. Brooks, the widow, died after the death of the testator, leaving children of herself and testator. She never married again.
His Honor adjudged that Martha B. Brooks, the widow, took an estate in fee simple in the property described. From which ruling some of the petitioners appealed, assigning as error that the Court should have adjudged that the widow, Martha B. Brooks, took only a defeasible life estate under the will of her husband.
Thomas A. Brooks died in the county of Chatham, leaving a last will and testament, in which he disposed of his property in the following words: "I will and bequeath all my real and personal property to my beloved wife, Martha B. Brooks, to have and possess as long as she remains my widow. Should she remarry, then the law is my will." The widow survived the testator and never remarried. Upon her death, there were living B. B., James D., and Thomas S. Brooks, Hadena B. Edwards, wife of J. D. Edwards, children of herself and the testator. J. D. Edwards has become the purchaser of the interest of B. B., and James D. Brooks, as two of the heirs at law of the testator, in and to the property devised and bequeathed in the will. The object of this proceeding — a controversy submitted without action — was to have a construction of the will as to what interest or estate the widow took under that instrument. His Honor held that she took an estate in fee simple, and so adjudged, and from the judgment J. D. Edwards and his wife appealed to this ourt [court]. We think there was error in the conclusion at which his Honor arrived, and in the judgment rendered. The language of the will clearly shows that the intention of the testator was to limit the estate of the widow to a life interest. A time was fixed beyond which that interest could not *Page 97 
extend. She was "to have and possess the property as long as she remains my widow." Her death terminated of course her widowhood, and with the ending of that condition, ended also the estate of the widow. In reason it could not have been the intention of the testator to cause the widow to forfeit the property upon her remarriage, except as to her dower in the real estate and child's part of the personal property, and at the same time to give her the power, by will, to dispose of it even to strangers. He knew that at her death the property would revert to his heirs at law, and he felt that it would be unnecessary to say so, for he had already limited her estate to onedurante viduitate. By the further expression "should she (139) remarry, then the law is my will," he meant simply that she should enjoy, after her remarriage, only such part of his estate as the law would invest her with, whether with or without his sanction or consent and that the children would come in possession at once of the whole, less that part fixed upon her by law. Section 2180 of The Code can not be invoked for the purpose of extending the estate to a fee, for, as we have seen, the intention of the testator was clear to limit it at most to an estate for her life.
Error.