G. H. BAILEY, Executor of the Estate of Alexander Hughes. Deceased, *et al.*, Appellees, v. JOHN HUGHES *et al.*, Appellants.

**Husband and Wife:** ELECTION TO TAKE UNDER WILL. Under Code, section 3376, providing that the share of the survivor in the property of a deceased spouse cannot be affected by will unless consent thereto is given within six months after a copy has been served on the survivor and notice given that such survivor is required to elect, but if at the end of six months no election has been made it shall be conclusively presumed that the survivor elects to take under the will, there can be no election by failure to act where no notice has been served.

SAME. Where a will gave the wife a life estate in the husband's realty, the filing by the widow of a petition for an allowance, reciting that she has no property for her support, and will not have until she "receives the proceeds from the real estate provided by the decedent's will," was no election under the statute.

SAME. The widow's action in taking and holding possession of the realty for 10 months was not an election

WRITTEN CONSENT MUST BE ENTERED OF RECORD. The giving of written consent is no election under the statute, where it is not entered of record as required by Code, section 3376, no notice to elect having been served.

*Appeal from Marion District Court.*—HON. JAMES D. GAMBLE, Judge.

TUESDAY, JANUARY 21, 1902.

THIS is a contest between the children and grandchildren of Alexander L. Hughes, deceased, joining with the executor, on the one side, and the heirs of Barbara Hughes, deceased, widow of Alexander Hughes, on the other. The question to be decided arises on a demurrer filed by the heirs of Barbara Hughes to the plaintiffs' petition. This demurrer was sustained, and, the plaintiffs electing to stand on their petition, judgment was rendered dismissing the same, and they appeal.—*Affirmed.*

*Stuart & Stuart* and *S. C. Hickman* for appellants.

*Geo. W. Crozier* and *W. R. Nelson* for appellees.

DEEMER, J.—Alexander L. Hughes died testate, seised of certain real and personal property, leaving Barbara E. Hughes, his widow, John Hughes and five other children by a former marriage, and two grandchildren, heirs of a deceased daughter, surviving. Barbara E. Hughes died intestate about 10 months after the decease of her husband, leaving Margaret Cobb and 11 others, her brothers and sisters, surviving. By his will Alexander Hughes devised to his wife all his real estate, "the same to be held, possessed, and owned by my said wife during her natural life, and to be accepted by her in lieu of her dower right in and to said real estate; and at her death I will that said real estate be sold, and that the proceeds be equally divided between my sons and daughters [naming them], share and share alike." Further provisions are made for distribution to the grandchildren in case of the death of any of these children named in the will. He also bequeathed to his wife, Barbara, all his exempt personal property "to hold as her property absolutely." Since the death of Mrs. Hughes the executor sold the real estate, pursuant to the order of court, and this controversy is over the distribution of the proceeds thereof.

It is contended that Barbara E. Hughes elected to take under the will, and that her heirs and next of kin are not

entitiled to share in the distribution. Code, section 3376, is as follows: "Share not Affected by Will—Election. The survivor's share cannot be affected by any will of the spouse, unless consent thereto is given within six months after a copy thereof has been served upon the survivor by the other parties interested in the estate, and notice that such survivor is required to elect whether consent thereto will be given, which consent, when given, shall be in open court, or by a writing filed therein, which shall be entered on the proper records thereof; but if at the expiration of six months no such election has been made, it shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder." The exact claim is that on February 9, 1898, Mrs. Hughes executed a written instrument wherein she stated that "I am willing to accept and abide by said will and the bequests therein contained." That such an instrument was executed and transmitted to the clerk of the district court of the proper county is conceded, but it also appears that for some reason this document was not filed or otherwise made of record, and is now lost or destroyed. It is also alleged in an amendment to the petition that the instrument has been found in the possession of an attorney for Mrs. Hughes, and that the same was presented and read to the court while in session, but that the court failed to make an entry thereof on the records. On February 15, 1898, the widow filed an application for an allowance for support, in which she recited "that she has no property for her support, and will not have until she receives the proceeds from the real estate as provided by the will of said decedent." It is also claimed that the widow, with full knowledge of the provisions of the will, took possession of the real estate, and continued to hold the same to her own and exclusive benefit until the time of her death. Each and all of these facts are said to constitute an

election by the widow to take under the will. Under the statute before quoted, the surviving husband or wife takes one-third in fee simple of the real estate of the other, unless within six months after notice of the provisions of the will he or she consents to take under the will, "which consent shall be in open court, or by writing filed therein, which shall be entered on the proper records thereof," and "if at the expiration of six months no such election has been made it · shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder." No notice was given the widow as required by this statute; hence there was no election through failure to act. Election must therefore be found, if at all, from what was done, rather than from what was omitted. Had her written consent been entered upon the proper records of the court, no notice would have been required; but it was not so entered, and therefore cannot be treated as an election. Written consent, without notice, cannot be treated as an election, unless entered of record; for the statute in express terms so provides. Was there an election to take under the will in the proceedings for an allowance? We think not. The widow was entitled to an allowance, whether she took under the will or the statutory distributive share. And the allegations of her petition regarding the provisions of the will were surplusage and entirely immaterial but if held material, there was nothing therein which indicated an election to take under the will, rather than the share allowed her by law. The statement was nothing, more than a recitation of the terms of the will, and the provision made for her therein. Nowhere in this application does it appear that she knew she was required to elect, or that she in fact consented to take under the will, in lieu of her distributive share. The statute was made not only for the purpose of fixing a definite manner of election, but to make of record

all matters affecting the title of the real estate of one deceased, to the end that those dealing with the property may be advised regarding the title. So that, even if it be held that the statement in the application for an allowance constitutes an election, we doubt if the filing of that paper would be a proper entry on the records of the court. No one would think of going to petitions for allowance to discover whether or not the widow of one deceased had made an election to take under his will. It will also be noticed that in this application the widow refers to the proceeds of the real estate which she might subsequently receive, rather than to the real estate itself. In all the cases relied upon by appellants, the consent was entered on the proper records. Thus, in *Craig v. Conover,* 80 Iowa, 355, the widow was made executrix. She filed reports which clearly showed an election to take under the will, which included both real and personal property, and statements regarding the condition of the estate, which rendered further administration unnecessary. She also filed a receipt as such executrix, showing an acceptance of the property under the provisions of the will, and asking for the closing of the estate. These reports and statements were all approved and made of record, and the executrix was discharged pursuant thereto. There was also a finding by the court that the widow elected to take under the will. In *Pellizzarro v. Reppert,* 83 Iowa, 498, the executor's final report showed that he had turned over all the personal property to a purchaser from the widow. This report also referred to a deed, duly filed for record, whereby the widow conveyed the property devised to her by her husband to the person to whom the personal property was delivered by the executor. In each case the reports made by the executor, showing the consent of the widow, were made of record. The same may be said of *In re Franke's Eestate,* 97 Iowa, 704, also relied upon by the appellant, although presumption was there indulged in to support the finding. In *Whited v. Pearson,* 87 Iowa,

513, it is expressly held that not only must an election be shown, but that there must be something of record from which such an election may be found; and in *Houston v. Lane,* 62 Iowa, 291, we held, in effect, that consent and acceptance are not sufficient, without a proper entry of record. See, also, *Baldozier v. Haynes,* 57 Iowa, 683, which is closely in point, and really decisive of the question before us.

'Mrs. Hughes remained in the possession of the real estate during the 10 months she survived her husband, but, as part of the property was homestead in character, she had the right to this possession, whether she took under the will or under the law. Moreover, even if there had been no homestead, her possession would not constitute an election. *Bare v. Bare,* 91 Iowa, 143.

The demurrer was properly sustained, and the judgment is AFFIRMED.