126    447
134    285

126    447
137    385

## G. W. BYERLY, Appellee; v. A. H. SHERMAN and C. W. BREED, EXECUTOR, ET AL., Appellants.

**Wills:** DEVISE IN LIEU OF DOWER: ELECTION: ESTOPPEL. Under the
1  Code of 1873, the one-third interest of a widow in the real estate
of her husband was not affected by his will giving her a life estate
in lieu of dower, unless she consented thereto by an election en-
tered of record within six months after notice to her by interested
parties of the provisions of the will; nor would the management of
the entire estate and receipt of rents and profits during her natural
life work an estoppel.

**Estates of decedents:** SALE OF UNDIVIDED INTEREST. The unassigned
2  distributive share of an heir in the undivided interest of his intestate
in real property may be levied upon.

**Deeds:** PAROL EVIDENCE OF TRUST. A deed reciting a consideration
3  cannot be shown by parol to be a trust.

*Appeal from Jones District Court.*— HON. J. H. PRESTON,
Judge.

THURSDAY, JANUARY 19, 1905.

SUIT for partition of certain real estate. Plaintiff
claims to be the owner of an undivided one-thirtieth interest
in and to 320 acres of land acquired through a sheriff's and
a quitclaim deed. Defendants deny plaintiff's ownership of
any part of the property. The trial court made partition in
accordance with plaintiff's claims, and defendants appeal.—
*Affirmed.*

*Jamison & Smyth,* for appellants.

*Remley & Remley* and *F. O. Ellison,* for appellee.

DEEMER, J.— Matthew Porter, the original owner of
the land, died testate January 3, 1895, seized of the property

in dispute.    By the terms of the will he devised to his widow. a life estate in his entire property in lieu of dower, and at her death his executors, defendants herein, were authorized and directed to sell the real estate and distribute the proceeds among his heirs in certain proportions.    Shortly after the death of Porter, his widow left the land where she and her husband had resided, and thereafter boarded until her death in August, 1901.    The executors appointed in Matthew Porter's will filed no inventory of the property, but one of them (Breed, a son-in-law) took charge of the premises in controversy, collected the rents, and looked after the place generally.    Out of the proceeds received he paid a note of $700, with interest, given by the testator, Matthew Porter. After the death of Mrs. Porter the other executor took rent money, and paid it on a note, which had been jointly executed by him and Mrs. Porter before his (Porter's) death.    As this note was given for money borrowed for Marion Porter, a son, he (Marion), after the payment thereof, executed a note to the executors for the amount thereof.    At the time of the senior Porter's death there were ten children, or the survivors thereof, then in being; among them being C. F. Porter. Plaintiff held a judgment against C. F. Porter.    He sued out an execution thereon, and levied upon C. F. Porter's interest in the land.    This interest was sold thereunder, and went to sheriff's deed October 22, 1902.    In February of the year 1902 C. F. Porter deeded all his interest in the land to one Lawrence, and Lawrence, in January of the year 1903, in turn conveyed the same to plaintiff.    These deed were quitclaims.    Plaintiff claims that the widow took an undivided one-third interest in the land in fee simple, and that the other two-thirds descended or passed by devise to the children or their representatives, and that he is the owner of C. F. Porter's interest in the widow's share in virtue of the sheriff's deed and the conveyances above referred to; while defendants say that Maria Porter took a life estate under the will of her husband, and that she and her representatives or successors

are estopped from claiming any other or greater estate in her.

Reduced to its last analysis, the claim of plaintiff is that the widow took one-third in fee, and that he is entitled to the interest which C. F. Porter inherited from his mother of this one-third, or one-thirtieth of the land.

*1. DEVISE IN LIEU OF DOWER: election; estoppel.* The primary question in the case is, what interest did Maria Porter acquire in the lands of her deceased husband? If she took but a life interest, then plaintiff is not entitled to recover. If, on the other hand, she was entitled to a distributive share as survivor of her husband, then plaintiff's cause of action is well founded. Under the law as it existed at the time of Mr. Porter's death the widow's share (one-third in value of the real estate) could not be affected by any will of her husband, unless she consented thereto within six months after notice to her of the provisions thereof by the other parties interested in the estate, " which consent," the statute provides, " shall be entered on the proper records of the circuit [district] court." Code 1873, section 2452. It is conceded by all parties that no formal notice was ever given the widow by the parties in interest, or by any one else, of the provisions of the will, and that no consent thereto was ever entered upon the court records. This being true, there was no statutory election to take under the will, and her distributive share was not affected thereby. *Bailey v. Hughes,* 115 Iowa, 304, and cases cited; *Howard v. Watson,* 76 Iowa, 229. That the widow had verbal notice of the contents of the will, and seemed to be satisfied therewith, is of no moment, in so far as the question of statutory election is concerned. Under the law as it existed at the time of her husband's death, which, of course, must control here, an affirmative act on the widow's part was necessary in order to deprive her of her distributive share. And this affirmative act was required to be evidenced in a stated manner. See cases cited and *Houston v. Lane,* 62 Iowa, 291.

But defendants contend that through the receipt of the rents of the land, and various other matters to which we shall presently refer, the widow, and all persons claiming by, through, or under her, are estopped from saying that she did not take a life estate under the will. This, to our minds, presents the only debatable question in the case. The will gave the widow a life estate upon condition that she should take the same in lieu of dower. After the death of the husband, the executors, or one of them, took charge of the property as agent for the widow, and not as executor. They did not take charge of it as representatives of the husband until after the death of the widow. Matthew Porter left little or no property not exempt from execution. The rents, of the property were collected by the widow's agent down to the time of her death, and were disposed of according to her directions, part in payment of the debts of her husband, and part were left in her hands, and were distributed after her death to her heirs. No one, it seems, thought of requiring an election on the widow's part, and no one gave her notice of the terms of the will. She did not, as we have seen, make a statutory election; and, if there is any election, it must be bottomed on the theory of estoppel.

Counsel have diligently gone over our cases for a decision on this point, and it is contended on the one side that there cannot be an estoppel on the widow, save by following the statute; while on the other the theory of equitable estoppel as applied to wills in general is invoked. But for the statutory provision with reference to election, there would be no difficulty with the case; and there are some chance expressions in our cases which seem to indicate that there may be an estoppel or an election through conduct not evidenced by any court record. But in each and, every one of these cases, which were decided under the statute now under consideration, there was some record of an election, which was made the basis for the decision. We shall not attempt to review the cases to demonstrate this proposition. Suffice it to

say that all the later decisions proceed upon the theory that there can be no election save as pointed out by statute. In construing this statute in *Howard v. Watson,* 76 Iowa, 229, we said: " The thought is that, if no person interested in the estate as heirs or otherwise object, or cause the widow to be served with the required notice, she is not bound to make any election, but may enjoy what has been devised to her. She has six months after notice in which to make an election, and not six months after she has knowledge of the provisions of the will. She can remain passive until such notice is given." In *Baldozier v. Haynes,* 57 Iowa, 683, we held, in effect, that no one has the right to rely upon any acts or conduct of the surviving husband or wife not made of record in the manner required by law; that it was not the declarations or conduct of the survivor which estopped him, but the entry of record. The object and purposes of the statute were there considered, and the thought expressed that the Legislature undoubtedly intended a strict construction thereof, in order to afford certainty and security to titles. This case was also followed in *Bailey v. Hughes,* 115 Iowa, 304, and the reasons for the rule again stated. See, also, *Whited v. Pearson,* 87 Iowa, 513; *Houston v. Lane,* 62 Iowa, 291. In *Bailey's Case* most of the authorities relied upon by appellant are referred to and analyzed. In the *Whited Case* it is said that there must be something of record upon which to base the conclusion of an election. *Houston Case, supra,* is a strong one, and the decision is planted squarely upon the thought that the survivor's distributive share cannot be defeated by any conduct on his part short of some record entry of consent. There are many reasons for these holdings, which are fully set forth in the opinions cited. The rule has often been challenged, but never departed from, as we understand the cases. If there be any apparent conflict, it is not in what is actually decided upon the facts, but in expressions used in argument, which were not necessary

to the decision of the case, or because the statute was not under consideration.

Appellants argue with much plausibility and force that the survivor cannot have both, and that, if he takes the one he waives the other. This was a matter for the consideration of the Legislature, and the matter has now apparently been covered by the provisions of the Code of 1897. See sections 3270, 3376. Under previous statutes the widow took one-third absolutely. In order to defeat her thereof it was necessary to follow the statute we have quoted. She was not defeated of this interest, except that the statute be followed. This was not done in this case, and the widow was never called upon by any one to make an election. It does not appear that she knew she had to elect, or that any one was complaining of her collection of the rents. She was never called upon by any one to say what she would do. And, as said in the *Howard Case, supra,* she was not bound to make any election, but might enjoy what was devised to her until served with notive to elect. The statute has made a rule for such cases, and we must follow that rule, even if in some cases it may appear to work a hardship. In all matters relating to real estate it is quite important that all transactions affecting the title be of record, so as to give notice to the entire world. Oral testimony against people whose lips are sealed by death is too insecure a foundation upon which to rest titles to land. Undoubtedly this was the reason for the enactment of the provision now under consideration. Any one interested had the right to compel a statutory election, and, if they did not see fit to do so, they should not be permitted to plead an election in some other manner. In none of the cases cited by appellants' counsel from other jurisdictions was there a statute like ours; hence these cases are of no consequence.

It is further argued that, as a widow's unassigned dower cannot be levied upon and sold under execution, plaintiff took nothing under his sheriff's deed. To this there are

two answers: First, Plaintiff did not attempt to levy upon

**2. Estates of Decedents: sale of undivided interest.** an unassigned right of dower, but upon the interest of an heir of a deceased widow, who owned an undivided one-third interest in the lands at the time of her death. True, this was a distributive share, and had not been assigned at the time of her death, but her fee title passed to her heirs upon her death intestate.

Second. Plaintiff holds a quitclaim to the land of C. F. Porter's interest therein. True, an attack is made upon this deed, but the evidence is not sufficient to set it aside. The deeds under which plaintiff claims recite

**3. Deeds: parol evidence of trusts.** considerations as paid, and they cannot be shown by parol to be in trust. These propositions are elementary, and need not be fortified by authority.

It should be remembered that there is no competent evidence in this record that the widow ever had notice of the terms of her husband's will, no evidence as to when, if ever, she saw it, and no claim that any notice was ever given her as provided by the quoted statute. For these reasons there was no such an election as to bar the widow of her one-third in fee of her husband's land. She died owning this one-third, of which C. F. Porter acquired one-tenth. This one-tenth of one-third is now owned by the plaintiff, and the decree confirming his title thereto is *affirmed*.