BELLE ARCHER, MELISSA E. WEARYCK and COLOMA A. MORSE, Appellants, v. JAMES H. BARNES.

**Wills:** CONSTRUCTION: LIFE ESTATE. A devise to the wife of all the real estate so long as she remains the widow of testator is generally held a gift of a life estate.

**Same:** LIFE ESTATE: DISTRIBUTIVE SHARE: ELECTION BY WIDOW. Under the prior statute a devise to the wife of a life estate was not so inconsistent with her claim to a distributive share in the property as to compel her to elect whether she would take under the will or under the statute, but she was entitled to both; and her acceptance under the will was not a bar to her claim or that of her heirs to a distributive share in the estate.

**Same.** In this action the widow was given the use of the real property so long as she remained testator's widow, and under this provision of the will enjoyed the rents and profits for more than twenty-five years, never having exercised her right of election. *Held*, that she was not estopped by so doing from claiming her distributive share whenever she chose.

*Appeal from Mills District Court.*—HON. O. D. WHEELER and HON. E. B. WOODRUFF, Judges.

SATURDAY, DECEMBER 17, 1910.

ACTION to set aside a deed and to quiet title. A demurrer to the petition was sustained, as was a motion to strike an amendment thereto, and, the plaintiffs electing to stand on the rulings, the petition was dismissed. The plaintiffs appeal.—*Affirmed.*

*W. S. Lewis, A. E. Cook,* and *D. E. Whitfield,* for appellants.

*C. E. Dean* and *Genung & Genung,* for appellee.

Ladd, J.—The deed assailed was executed June 10, 1909, by Amanda A. Barnes, conveying an undivided one-third of about two hundred and eighty-nine acres of land to the defendant, a grandson. This land had belonged to W. R. Barnes, whose will had been admitted to probate in 1884. It bequeathed his personal property after the payment of debts and funeral expense, "to be equally divided between Amanda A. Barnes, my beloved wife, and my six children, to wit (naming them). And I hereby give and bequeath to my beloved wife, Amanda Barnes, all of my real estate as long as she remains William R. Barnes' widow and I hereby appoint J. M. Archer, to super-intend the real estate and the proceeds to go to Amanda Barnes as long as she remains the widow of William R. Barnes." The widow received the share of the personalty bequeathed and had enjoyed the use of the realty up to the time this action was begun. The petition, as first amended, alleged the facts as recited above, that plaintiffs are three of the testator's children, and that by reason of accepting under the will the widow was estopped from claiming a distributive share in the testator's estate and asked that the deed be set aside. The defendant demurred on the grounds that plaintiffs were not proper parties, being without interest in the subject matter and that the facts stated did not entitle them to the relief prayed. The de-murrer was sustained by the court, Hon. O. D. Wheeler presiding, and thereafter plaintiffs filed an amendment to the petition, more specifically detailing the facts as recited, and in addition thereto alleging that the widow at the time of executing the deed to defendant was of unsound mind, and did so while laboring under the delusion that the grantee resembled her deceased husband when of like age and that she should do something for him because of this. A motion to strike this amendment for that the rul-

ing on the demurrer was not obviated by new facts pleaded was sustained. The propriety of these rulings is challenged and necessarily depends on whether the widow, Amanda A. Barnes, owned the land described in the deed at the time it was executed, for, if she did, plaintiffs had no interest therein, and for this reason might not maintain the action. But for the will, she would have taken an undivided one-third in fee simple upon her husband's death. Section 2440, Code 1873. Appellants concede this, but contend that her right thereto was defeated by her acceptance under the will, or, in any event, that she became estopped from asserting any claim thereto. Neither of these contentions is tenable, for the will is not inconsistent with the assertion of her right to a distributive share in the testator's estate, and, moreover, she does not appear to have elected to take under the will in the manner exacted by statute.

Reverting to the terms of the will, it should be noted that these do not purport to dispose of the real estate save "as long as she (Amanda A.) remains William R. Barnes' widow," and the authorities quite generally hold that such a gift is not of longer duration than life. *In re Brooks' Will*, 125 N. C. 136 (34 S. E. 265); *Nash v. Simpson*, 78 Me. 147 (3 Atl. 53); *Fuller v. Wilbur*, 170 Mass. 506 (49 N. E. 916); *Kratz v. Kratz*, 189 Ill. 276 (59 N. E. 519).

1. WILLS: construction: life estate.

It may be conceded, without deciding that the widow took but a life estate under the will, for otherwise the gift was of the fee simple, in which event the widow could convey the whole or any part of the estate to whom she pleased.

If she took but a life estate, was it inconsistent with the subsequent assertion of her claim to a distributive share? We think not. As the statute then stood, unless a devise to the wife expressly or by necessary implication was intended to be in lieu of dower, she was not compelled

to elect which she would take, but was entitled to both (*Corriel v. Ham*, 2 Iowa, 552; *Clark v. Grifflth*, 4 Iowa, 405; *Sully v. Nebergall*, 30 Iowa, 339; *McGuire v. Brown*, 41 Iowa, 650; *Herr v. Herr*, 90 Iowa, 538), and a devise of a life estate has been adjudged not to be inconsistent with her claim of dower, and therefore her acceptance under the will is no bar to her claim or that of her heirs to her distributive share in her deceased husband's estate. *Potter v. Wooley*, 57 Iowa, 66; *Metteer v. Wiley*, 34 Iowa, 215; *Watrous v. Winn*, 37 Iowa, 72; *Blair v. Wilson*, 57 Iowa 177; *Daugherty v. Daugherty*, 69 Iowa, 677; *Howard v. Watson*, 76 Iowa, 229; *Parker v. Hayden*, 84 Iowa 493; *Richards v. Richards*, 90 Iowa, 606; *Bare v. Bare*, 91 Iowa, 143; *Newberry v. Newberry*, 114 Iowa, 704.

2. SAME: life estate: distributive share: election by widow.

Even if she has managed and controlled the estate since her husband's death and enjoyed the rents and profits therefrom without mentioning her claim to a distributive share, she did not become estopped from doing so whenever she might choose. No one appears to have been misled thereby to their prejudice, an essential ingredient in the principle of estoppel. Moreover, section 2452 of the Code of 1873 declared that "the widow's share can not be affected by any will of her husband unless she consents thereto in six months after notice to her of the provisions of the will by other parties interested in the estate, which consent shall be entered on the proper records of the circuit court." The present statute is somewhat like this section 3376, Code, and under neither was an election to take under the will alleged. She has made use of the property during widowhood as contemplated by the will and her possession, the leasing of the property, and the acceptance of the rents for more than twenty-five years was in accord with the estate given her under the will and in no way inconsistent with her dower interest therein. If she did not assert the latter, it was because no occasion

3. SAME.

called therefor, and, moreover, she was not bound to elect save as required by statute. *Baldozier v. Haynes,* 57 Iowa, 683; *Houston v. Lane,* 62 Iowa, 291; *Howard v. Watson,* 76 Iowa, 229; *Richards v. Richards,* 90 Iowa, 606; *Newberry v. Newberry,* 114 Iowa, 704; *Bailey v. Hughes,* 115 Iowa, 304; *Byerly v. Sherman,* 126 Iowa, 447; *Jones v. Jones,* 137 Iowa, 382.

Even though in asserting her claim to the use and control of the estate for life, she may be said to have ignored her right to a distributive share, or to have given reason to suppose that she would not assert such right, the pleadings do not allege this to have misled any one to his prejudice. We are of opinion that she was entitled to take under the will and also retain the undivided one-third of the realty given her by the law.

From this conclusion it necessarily follows that plaintiffs had no interest in the subject matter, that the last amendment to the petition did not meet this objection, and for this reason the motion to strike was rightly sustained, as also was the demurrer.—*Affirmed.*