70  185
105  110
70  185
e134    3

ACCOLA v. THE CHICAGO, BURLINGTON & QUINCY R'Y CO.

1. **Railroads:** CORPORATE NAME IN LEGAL PROCEEDINGS: INITIALS INSTEAD OF FULL NAME: JUDICIAL NOTICE. Courts cannot take judicial notice that a well-known railroad company is popularly known by the initial letters of the words constituting its full name; for example, that "C., B. & Q. R. R. Co." means the Chicago, Burlington & Quincy Railroad Company. So *held* where those initials alone were used to designate the party adversely interested in a petition to take depositions to perpetuate testimony, under §§ 3745–3750 of the Code; and the depositions so taken were not admissible in a subsequent action against said corporation, although some one filed cross interrogations signed "C., B. & Q. R. R. Co."

2. **Depositions:** SUPPRESSION UPON OBJECTIONS MADE DURING TRIAL. Where it did not appear that defendant was properly made a party to proceedings to take depositions to perpetuate testimony, and it did appear that the depositions were never filed in the trial court, *held* that it was not necessary to move to suppress them before the cause was reached for trial, (Code, § 3751,) but that the objection might be made when they were offered in evidence.

3. **Railroads:** MULES KILLED ON TRACK: GAP IN FENCE: OTHER GAPS MADE BY PLAINTIFF. Plaintiff was engaged with teams in constructing a side-track along defendant's road, which was fenced, and for the convenience of his work he had made two gaps in the fence about 400 feet apart, but between these two gaps was another gap not made by him, and through this gap the mules in question, having escaped from

plaintiff's control, went upon the track and were killed. *Held* that the jury was justified in finding, so far as the mere character of the place was concerned, that the mules were killed by reason of the want of a fence, and that instructions given upon the theory that they might so find, provided defendant could be charged with knowledge of the gap, were not erroneous.

### *Appeal from Wapello Circuit Court.*

### TUESDAY, DECEMBER 7.

ACTION to recover for two mules alleged to have been killed by one of the defendant's trains. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*David C. Beaman* and *E. H. Stiles*, for appellant.

*Williams & Jaques*, for appellee.

ADAMS, CH. J.—I. The plaintiff, before the commencement of the action, took the testimony of three witnesses, to be used as depositions. On the day of the trial the defendant filed written objections to the depositions. Afterwards, upon the same being offered by the plaintiff in evidence, the defendant orally objected, upon the grounds set out in the written objections. The court overruled the objections, so far as they went to the depositions as a whole, and the defendant excepted. Two of the depositions were read in evidence, and, upon the ruling in admitting the evidence, the defendant assigns error.

1. RAILROADS: corporate name in legal proceedings: initials instead of full name : judicial notice.

The depositions were taken under a statute which provides for perpetuating testimony. Code, §§ 3745 –3750, and the sections included. It is not necessary to set out all the objections made, nor the statute in full. The statute provides that "the applicant shall file in the office of the clerk of the district or circuit court a petition, to be verified, in which shall be set forth, specially, the subject-matter relative to

which testimony is to be taken, and the names of the persons interested, if known to the applicant; and, if not known, such general description as he can give of such persons as heirs, devisees, alienees, or otherwise."

In the case at bar, the party interested, as the only party sought to be charged with liability, was the Chicago, Burlington & Quincy Railroad Company, the defendant herein. Under the statute, the petition should have set forth the name of the company. It is insisted by the defendant that the petition filed in this case does not do so. The fact is that the petition shows that the injury was caused by the "C., B. & Q. R. R. Co.," and that the plaintiff expected to bring an action against the same to recover his damages; and it does not contain the name of the defendant, unless the letters above set out constitute its name. They do not, of course, constitute its legal name; but it is said that they are the name by which it is popularly known, and that the court can take judicial notice of such fact. But, in our opinion, we should be going too far to hold that we can. It is certainly not true that every railroad company is popularly known by the initial letters of the words constituting its legal name, nor is there any dividing line between those which are thus known and those which are not. To hold, then, that a railroad company can in legal proceedings be properly designated by the initial letters of the words constituting its name, where it is popularly known by such initial letters, and that it cannot be thus properly designated where it is not thus popularly known, would lead to such difficulties as to demonstrate at once the impropriety of the rule.

It is said, however, that in the case at bar the defendant appeared, and filed cross-interrogatories in the proceedings to perpetuate testimony, and so it was not prejudiced by the error in name, if there was any. But the plaintiff's difficulty is that he fails to furnish any proper evidence that the defendant did thus appear. A paper was filed, with cross-in-

terrogatories attached, but it does not appear to be signed by the defendant, nor to contain its name. The paper is signed "C., B. & Q. R. R. Co.," and we have already held that we cannot take judicial notice that those letters constitute even the popular name of the defendant. It follows, then, that we do not know that the cross-interrogatories were filed by the defendant.

It is said, however, that the defendant's objections, going to the depositions as a whole, are to be treated substantially as a motion to suppress, and that, being such, they could not properly be sustained, because they were not filed in time. It is provided in section 3751 of the Code that " all motions to suppress depositions must be filed before the cause is reached for trial," and it is said that the objections in this case were filed after the cause was reached for trial. What the fact is in this respect we are not able to discover with certainty from the abstracts. But, in our opinion, the provision of statute above quoted is not applicable to this case. Not only does there appear to be no evidence that the defendant was made a party to the proceedings to perpetuate testimony, but it appears that the depositions were never filed in the circuit court, in which the action was brought and tried. The most that was done to apprise the defendant was to make an entry in the notice book in the circuit court purporting to show that the depositions had been filed in that court. But the defendant was entitled to the depositions themselves. In the absence of any actual filing of the depositions in the circuit court, we do not think that the defendant lost any rights by not attacking them sooner.

*2. DEPOSI-TIONS: suppression upon objections made during trial,*

II. The plaintiff was allowed to recover upon the ground that his animals were injured by reason of a want of a fence. The defendant insists that, according to his own evidence, he ought not to be allowed to recover upon such ground. The facts, as shown by the plaintiff's evidence, are that he was one of several

*3. RAILROADS: mules killed on track: gap in fence: other gaps made by plaintiff.*

persons employed by a certain contractor to make an embankment and side track for the defendant; that, for the purpose of the work, several teams were employed, and among them the mules which were injured; that the right of way at that place had been fenced, but, for the convenience of the contractor and his employes, who were encamped both outside and inside of the right of way, two gaps had been made in the fence to allow the passage of the teams; that these gaps were about 400 feet apart, and between them another, not made by the contractor nor his employes, nor used by them; and that it was through this middle gap that the mules escaped upon the track at the time they were injured. The defendant insists that, as gaps had been made by the contractor for his convenience, and that of his employes, on each side of the gap complained of, the fact that the right of way was not fenced was due to the acts of the contractor, and that neither he nor his employes could complain; and that, though the contractor may not have made the middle gap, nor used it, yet the defendant should not be deemed in fault for not stopping it, because, with gaps on each side, there would not, with the middle gap stopped, have been a fence within the meaning of the statute.

The case is peculiar, and not entirely free from difficulty. The mules in question had been tied, and escaped from the plaintiff's control, and were killed before he could retake them. The case is somewhat different from what it would have been if they were being pastured upon the land adjacent to the right of way. Three gaps in the fence, in 400 feet, would have exposed the animals but little more than two. But where animals are in use, as in this case, and where the intention is to keep them at all times under control, the case is different. The danger of their escaping upon the track when they have broken temporarily from their fastenings, and the owner is in pursuit of them, is enhanced by every additional gap. Because, then, the plaintiff might be deemed to have incurred the responsibility of preventing his mules

from escaping through either of the two necessary gaps, we do not think it could be said that he incurred the responsibility of preventing them from escaping through the unnecessary one. It was proper for the defendant to stop that one, and if it had done so we think that the plaintiff would have been aided in keeping his mules out of danger. As, then, the mules escaped upon the track through a gap which the defendant might properly have stopped, it appears to us that the jury was justified in finding, so far as the mere character of the place is concerned, that they were injured by reason of a want of a fence, and that instructions given upon the theory that they might so find, provided the defendant could be charged with knowledge of the gap, cannot be held to be erroneous.

For the error in admitting the depositions, the judgment must be

REVERSED.