OF THE

## STATE OF IOWA

AT

DES MOINES JANUARY AND MAY TERMS, 1907

AND IN THE SIXTY-FIRST YEAR OF THE STATE

---

F. E. WATKINS, Appellant, v. S. E. COUCH, Treasurer Buena
Vista County, Iowa, F. F. FAVILLE and A. J. WILSON,
Receivers.

**Taxation:** DELINQUENT PERSONAL TAX: DESCRIPTION OF LOCATION. A
description of the place where personal property was assessed,
as it appears upon the delinquent personal property list of the
county treasurer, which will enable a competent person upon
inquiry of the treasurer to ascertain the exact location is suffi-
cient to charge the real estate of the delinquent with the tax,
as against a subsequent purchaser of the land, especially where
there is no question regarding the name of the delinquent,
amount, or year for which the tax was assessed.

*Appeal from Buena Vista District Court.* — HON. A. D.
BAILIE, Judge.

VOL. 134 IA.— 1          1

TUESDAY, APRIL 2, 1907.

ACTION in equity to enjoin the treasurer of Buena Vista county from selling the real estate in controversy for the payment of personal taxes assessed against W. E. Brown, the former owner of the property. A supplemental petition was filed in the case, and a demurrer to the third count thereof was sustained. The plaintiff elected to stand on his pleadings, and appeals from the judgment on the demurrer. — Affirmed.

*Milchrist & Scott,* for appellant.

*A. L. Whitney* and *F. F. Faville,* for appellees.

SHERWIN, J.— The plaintiff bought the property in question from W. E. Brown in February, 1904. Brown had been assessed upon personal property for 1903, the taxes on which amounted to $247.78. This tax he had not paid, and it was placed on the delinquent personal tax list by the treasurer of the county, the entry being made in the following form:

| Name of Delinquent | | 1903 |
| --- | --- | --- |
| Brown, W. E. F. | Twp. Amt. | S L City 247.78 |

Code, Supp, 1902, sections 1389a–1389c, provide for the entry of all delinquent personal taxes of any preceding year in a book to be kept in the office of the treasurer as a part of the record thereof, and that a personal tax so entered in the delinquent personal tax list shall constitute a lien on any real estate owned or acquired by any such delinquent. Section 1389b is as follows: " Such entry of tax on delin-

quent personal tax list shall give the names of delinquents alphabetically arranged with amount of tax and for what year or years and where the property was located when assessed." In the count of his petition to which the demurrer was sustained, the plaintiff set out the form of entry made by the treasurer, and alleged that the taxes were not entered in the delinquent personal tax list as provided by section 1389b, the real objection thereto being that the entry did not show where the property was located when assessed. The only question for our determination, then, is whether the abbreviation " S L City " sufficiently complies with the requirement of the statute that the delinquent personal tax list shall show where the property was located when assessed.

The appellant says that it is important that the requirement of the statute be strictly complied with to the end that the entry may show without question where the personal property was situated when assessed, in order that an examination of the delinquent personal tax list may furnish information as to whether the tax was in fact assessed in the proper township or tax list. He relies upon The cases of *C., B. & Q. R. R. Co., v. Kelley,* 105 Iowa, 106, and *Accola v. C., B. & Q. R. Co.,* 70 Iowa, 185. In the former case the tax list showed the lot to have been assessed under the name of the owner to the " C. B. & Q. Ry." and we held that the initials did not indicate that the plaintiff was intended. In the *Accola* case the question arose on the taking of depositions for the perpetuation of testimony, and in the petition therefor the initials " C. B. & Q. R. Co." were used, and we held that they did not constitute the legal name of the Chicago, Burlington & Quincy Railroad Company. Neither of these cases, in our judgment, determines the question before us adversely to the contention of the appellees. It seems to be the general rule that in listing land it must be described with particularity sufficient to afford the owner or others interested in the question the means of identification and not to mislead them,

and when the land is thus particularly described, or when its location is made thus certain, it seems to be the general trend of authority that the description is sufficient. Cooley on Taxation (2d Ed.) 404.

Descriptions of land by abbreviations is held good in many cases. The proper test to be applied as gathered from these authorities is, is the description sufficiently definite to be identified by a competent person? And such descriptions are sufficient provided they are easily understood, not misleading, and full enough to point out the land with certainty. Black on Tax Titles, section 114; *Auditor General v. Fleming,* 142 Mich. 12 (105 N. W. 71); *Auditor General v. Sparrow et al.,* 116 Mich. 574 (74 N. W. 881); *Association v. Wagner,* 33 Ind. 51; *Paris v. Lewis,* 85 Ill. 597; *State v. Mayor of Newark,* 36 N. J. Law, 288.

In the last case cited the description that was assailed was " H. S. and Stable," and it was held to sufficiently describe house, lot and stable. In the Fleming Case, *supra,* the land was assessed as lot 5 in block 20, " Newell's E. & C. Plat." It appeared that there was a plat filed and recorded known as " Newell's Enlarged and Corrected Plat of the Village of Muskegon," and the court held that the abbreviations " E." and " C." were well understood; that it was impossible for any one to have been mistaken as to the map or plat referred to, because an examination would easily locate the property. In *National Bond Co. v. Board of Commissioners,* 91 Minn. 63 (97 N. W. 413), the Supreme Court of Minnesota held sufficient a description " N. E. ¼ N. W. ¼ section 1, township 29 range 21 Exc. R. R. & Sts.," and said that by examination of the public records the purchaser could determine what land was laid out in streets and used as a railroad right of way. It is a general rule that, where a record discloses enough to put a careful or competent examiner upon inquiry, it is sufficient. *Jones v. Berkshire et al.,* 15 Iowa, 248. And, as will be seen by an examina-

tion of the cases heretofore cited, this rule is applied to the description of property in the assessment roll.

But the appellant seeks to evade the force of the rule on the ground that the statute says that the place where the property was located when assessed shall be stated on the delinquent tax list, and that strict compliance with the requirement of the statute demands a description so definite and certain in itself as to leave no room for inquiry. But in our opinion such a rule would in very many instances defeat the purpose of the statute, and we know of no sufficient reason for holding that a more definite description of the location of the property be required than is sufficient to put an interested party upon inquiry where it is evident that such inquiry or examination of the assessment roll itself will truly disclose the exact location of the property. In the case at bar an inquiry of the treasurer would undoubtedly have disclosed the fact that the letters " S L " meant Storm Lake, and that the personal property on which the assessment was made was located in Storm Lake City, township, or in the township where Storm Lake City was located. The name, the amount of tax, and the year were given, so there could be no question as to any matter except the location of the property that was assessed. The statute made the tax a lien upon all of the delinquent's real estate situated within the county, and when the name of the delinquent, the amount of the tax with which he was charged, and the year for which it was due were given in connection with the description herein disclosed, we think it was the duty of the plaintiff to make such inquiry as to the location of the property as he deemed necessary to the full protection of his interests, and that, after having been advised by an examination of the record that delinquent taxes which were a lien upon land were due from Brown, with the other information conveyed by the entry, he could not remain inactive and rely upon insufficiency of description as to location for the purpose of defeating the tax .

We therefore think the judgment of the district court right, and it is *affirmed*.