RAY W. PARKER v. NED A. PARKER, Appellant, FRANK R. PARKER and HOLLIS C. PARKER.

**Wills:** ELECTION BY WIDOW: DISTRIBUTIVE SHARE. Under the previous statute. a widow's enjoyment of a life estate was not inconsistent with a subsequent claim of her distributive share in the husband's estate; and her failure to elect to take under the will was not a relinquishment of her distributive share in his realty.

**Same:** ESTOPPEL. In this case plaintiff's father devised his realty to his wife for life and the residue to plaintiff's sons, who upon the mother's death divided the land between themselves and mortgaged their respective tracts with the knowledge and approval of plaintiff, and it is *held* that plaintiff was not thereby estopped as heir of his mother from claiming her one-third interest in such lands.

**Conveyances:** CONSIDERATION: EVIDENCE. In an action between co-tenants for the price of land conveyed to one of them, the consideration may be shown by extrinsic evidence to be different than that recited therein, even though there was no specific allegation in the petition to that effect.

**Pleadings:** EVIDENCE: JUDGMENT: ESTOPPEL. Where the parties to an action, by their evidence offered without objection, construe the pleadings as including issues tendered by the evidence they can not object that the judgment based thereon was not. within the pleadings. Thus where one co-tenant alleged that defendants were paid certain moneys for their use and benefit without stating the capacity in which it was so received, and the defendants proceeded with the trial on the general theory as alleged, they could not thereafter contend that recovery could only be had on the theory that defendant received the same as plaintiff's agent and his liability was for breach of the agency.

**Verdict:** CORRECTION OF SAME: INSTRUCTIONS. The court may require the jury to correct the answer to a special interrogatory which .is inconsistent with the amount of recovery under any theory of the -case, but in doing so should make no intimation

that the general verdict was insufficient when it in fact conformed to the evidence. In this case the evidence showed that defendant was to receive and retain for plaintiff's use and benefit an agreed sum for which the jury returned a verdict with interest as directed, but in a special interrogatory found that defendant received a larger sum, and in directing the jury to correct the special interrogatory the court should have directed that the general verdict could not exceed the amount agreed upon as shown by the evidence.

**Same:** AMOUNT OF RECOVERY. One co-tenant who has agreed that his share in the common property is of a certain value can not recover therefor of his co-tenant a greater sum, atlhough his interest might have been of greater value.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

THURSDAY, MARCH 14, 1912.

ACTION to recover one-third of the amount defendants received as the purchase price of a farm, with interest. After the evidence in behalf of plaintiff had been introduced, the petition was dismissed as to defendants Frank R. and Hollis C. Parker. Judgment was entered against the defendant Ned A. Parker, as prayed, and he appeals.— *Affirmed* on condition.

*Wesley Martin* and *D. C. Chase*, for appellant.

*Boeye & Henderson*, for appellee.

LADD, J.—The petition alleges that plaintiff was the owner of an undivided one-third interest in the S. E. ¼ of section 8 in township 86 north, of range 25 west, of the fifth P. M., and that on March 28, 1908, he joined with the defendants, his cotenants, in a conveyance of said quarter section to E. M. and P. M. Hove for the consideration of $11,600, less certain mortgages defendants had ex-

ecuted on their interest therein, which was paid defendants, and he prayed judgment for one-third of said consideration, alleged to have been received by them for his use and benefit, with interest. The answer denied that plaintiff had any interest in the land, and averred that the conveyance by him was made without expectation of compensation, and with that understanding.

I. The contention that plaintiff had no interest in the land is not well founded. He was the only child of R. J. and Lucinda Parker, both of whom had departed this life, the former about eleven years prior to the trial, and the latter about four years. R. J. Parker died testate, and his will was admitted to probate. Therein he disposed of his property in language following:

First. I give and bequeath to my wife, Lucinda Parker, all my property both real and personal to have and to hold the same for her use and support as long as she may live. After my wife Lucinda's death I bequeath and give to my son Ray W. Parker the northeast quarter of the northeast quarter of section seven (7) township eighty-six (86) range twenty-five (25), west P. M., and also all my personal property remaining after my wife's death.

Second. I will and give to my four grandsons, Fred C. Parker, Frank R. Parker, Ned A. Parker and Hollis C. Parker, all the residue of my estate.

The widow, Lucinda, enjoyed the use during her life, but is not shown to have elected to take under the will. The enjoyment of the life estate in the whole at the time in question was not inconsistent with the claim of her distributive share. *Archer v. Barnes,* 149 Iowa, 658; *Warner v. Hamill,* 134 Iowa, 279; *Bentley v. Bentley,* 112 Iowa, 625; *Bare v. Bare,* 91 Iowa, 143. And, as she did not and was not required to elect to take under the will, she never relinquished her right, under the statute, to one-third of all the real estate of which her husband died seised.

1. WILLS: election by widow: distributive share.

*Mohn v. Mohn,* 148 Iowa, 288; *Jones v. Jones,* 137 Iowa, 385; *Bailey v. Hughes,* 115 Iowa, 304. Upon the death of the widow, who had not married again, the plaintiff, as her only child, then inherited an undivided one-third of the real estate left by the testator.

II. Under the second clause of the will, the four sons of plaintiff took the one hundred and sixty acres of land in controversy. Subsequently Fred C. Parker conveyed his interest therein to the defendant Ned A. Parker, so that he had one-half, and the other defendants, Frank A. and Hollis C. Parker, one-fourth, each, subject to the dower interest of their grandmother, which descended to Ray W. Parker, the plaintiff. The defendants had divided the land between them, Ned taking eighty and the others forty acres each, with the knowledge and approval of plaintiff, who also was aware that defendants mortgaged their respective tracts. But such knowledge and approval were not inconsistent with his subsequent claim of one-third interest in each tract of the one hundred and sixty acres as heir to his mother; nor were defendants in any wise prejudiced by his conduct with respect thereto, and he was not thereby estopped from claiming such interest upon ascertaining his right thereto.

2. SAME: estoppel.

III. Counsel argue that, inasmuch as the deed from plaintiff and his wife to the Hoves recited that the consideration was $1, and there was no allegation in the petition to the contrary, this must be regarded as the true consideration. The action was not between the parties to the deed, but by one of them against his cotenants for the purchase price received for plaintiff's benefit; and the demand therefor amounted to an assertion that the consideration named in the deed was not the true consideration, and there was no error in receiving extrinsic evidence on the subject. *Chantland v. Sherman,* 148 Iowa, 352.

3. CONVEYANCES: consideration: evidence.

Appellant contends that the court permitted recovery

on a state of facts not asserted in the pleading. The petition alleged that one-third of the purchase price "was paid by said purchasers to the defendants for the use and benefit of this plaintiff." It is argued that recovery was permitted on the theory that defendant Ned A. Parker, in receiving plaintiff's alleged portion of the purchase price, acted as plaintiff's agent to collect the same, and his liability was for breach of such agency. A sufficient answer is that the pleading does not undertake to say in what capacity he received the money, save that this was for plaintiff's use and benefit, and that the cause was tried on the theory, and without objection, that plaintiff handed his deed of conveyance to Ned A. Parker, with the understanding that he was to retain for plaintiff from the purchase price the sum of $2,000 as the consideration therefor.

4. PLEADINGS: evidence: judgment: estoppel.

It appeared that the defendants had contracted to sell the land to E. M. and P. M. Hove, and that until the attorney for the purchaser examined the abstract of title. neither plaintiff nor defendants were aware that the former had any interest in it. The plaintiff testified that he had agreed with Ned A. Parker, who might have been found to have been acting for defendants, that he would take $2,000 for his interest in the land. "Q. What did you do with the deed after you signed it? (Objected to as incompetent, immaterial, and irrelevant. Overruled, and defendant excepts.) A. I turned it over to Ned there at the wicket window in the bank. Q. Go ahead and tell what occurred next. (Same objection, ruling, and exception.) A. He came down to dinner, and I says to him, 'Have you got things straightened up all right?' and he says, 'Yes.' He says: 'Dad, what are you going to do; are you going to take all your money?' and I says: 'No; I made up my mind I would take $2,000, and you can have the rest.' I says, 'You boys are incumbered, and I will never have

another chance to help you, and I will take $2,000,' and he says, 'Dad, you will make us a nice present' "

After telling about Ned writing a letter to his brothers and of the answer of one of them, the witness proceeded: "I says, 'We will go up to the bank, and we will have that money put to my credit,' the $2,000 we talked of; and he says, 'I have got to go home and do my chores.' I says, 'Will you be up to-morrow or this afternoon?' He says, 'I don't know as I can come down this afternoon, but I will be down to-morrow.' 'All right.' I says." He then related a conversation with Ned, in which the latter said his brother Frank objected to the payment of the money, but that the money was deposited at the bank in his name, and a subsequent talk with his son Frank, in which the latter informed him he had the part of the money which would have come to him, had plaintiff no interest in the land, and would keep it. All this evidence was received with-out objection, other than stated. On cross-examination, the witness testified that he knew that his conveyance was simply to cure a defect in the title. The plaintiff's wife was asked to state the conversation between Ned and his father. Objection as immaterial, incompetent, and irrelevant, and as not binding on defendants not present, was interposed and overruled. She answered that Ned A. had said they could not sell the property, unless his father signed the deed; and she had stated that she would do as the latter wished in signing the deed. She then testified to what was said at the bank when the deed was turned over and to sub-sequent conversations, save that relating to the letter to the other defendants, without objection.

It will be observed that at no time did counsel object to this evidence, because not bearing on the issues joined, save in challenging the relevancy of the questions, which did not indicate that testimony as to an agreement concerning the amount plaintiff was to receive as a consideration for the deed was sought, and for this reason did not raise

the pertinency of such evidence to the issues. That subsequent to the interposition of these objections such evidence was received, wihout objection, plainly indicates that plaintiff was proceeding, with defendant's acquiescence, on the theory that by an understanding with defendant Ned A. Parker he was to have $2,000 for his interest in the land; that such defendant was to retain that sum in the bank for him until his brothers were advised in the matter and consented to such payment; and that subsequently, contrary to this understanding, the money was divided among defendants, and they refused to pay the same over. The evidence adduced by the defense tended to controvert the above. Manifestly, then, the trial proceeded on the theory that the issue was whether the defendant Ned A. Parker had received the deed from plaintiff and delivered it to the Hoves on the understanding between him and the plaintiff that $2,000 of the purchase price should be paid to the plaintiff. Having so construed the pleadings for themselves, neither party is in a situation to urge that said pleadings were not broad enough to include the issue so presented.

V.   After the case had been submitted to the jury, they returned into court in the evening, in the absence of attorneys, and, having announced an agreement, presented

5. VERDICT: correction of same: instructions.

a verdict for $2,000, with interest computed at $205.94, and, in answer to a special interrogatory asking the amount, if any, defendant received of the purchase price of the land for plaintiff, stated this to have been $2,960 and some cents. The court thereupon called their attention to the third paragraph of the charge, and instructed that, "if you find that the defendant received any amount for the plaintiff, then your general verdict should be for the amount so received by him, with interest from the date same was received," and sent them out for further deliberation. Later they returned a verdict for $3,866.66, and answered the interrogatory in the same sum. It will be observed that the interest included in the

first verdict was 6 percent per annum on $2,000 from the time the Hoves paid the purchase price to the trial and that the answer to the special interrogatory was inconsistent therewith; also that the second answer to the interrogatory was one-third of the purchase price, and that no interest thereon was included in the verdict. The plain intimation of the court's additional instruction was that the verdict was inconsistent with the third instruction, and undoubtedly led to the increase in the verdict as finally returned. Such inconsistency did not exist, and the verdict was not only in harmony therewith, but, as seen, in exact accord with the evidence adduced in plaintiff's behalf.

That instruction, after reciting that the Hoves had paid $11,600 for the land, proceeded: "Now, if plaintiff has shown by a preponderance of the evidence that the defendant received any part of said amount for plaintiff's use and benefit, then the plaintiff will be entitled to a verdict at your hands for such amount as the defendant so received for the use and benefit of plaintiff, together with interest thereon at 6 percent from the date the same was received. Such amount, however, can, in no event, exceed one-third of the whole purchase price of said premises, with interest thereon at 6 percent from the 28th day of March, 1908. If it has not been shown by a preponderance of the evidence that defendant received any amount of said purchase price of said premises for the use and benefit of plaintiff, then plaintiff can not recover, and your verdict should be for the defendant."

According to plaintiff's testimony and that of other witnesses called by him, he was to be paid $2,000 of the purchase price for his conveyance, and defendant Ned A. Parker, with whom he intrusted his deed to the Hoves, undertook to retain such amount from the purchase price for plaintiff, but, though receiving the same, refused to turn over the money as agreed. It may be that plaintiff might have insisted upon a larger portion

6. SAME: amount of recovery.

of the purchase price, but having agreed to take a specific sum, and having exacted the retention of such sum only by the defendant, the latter ought not to be held to have been paid more for his use and benefit. The deeds of defendants were delivered at the same time, and it was competent for the grantors to arrange among themselves, as a condition precedent to the conveyance, how the consideration should be distributed. Nor did any of the instructions exact the allowance of more, in event a verdict were returned for the plaintiff. Undoubtedly the court might require the jury to correct the answer to the interrogatory which was inconsistent with any theory of the case, but in doing so should have guarded against any intimation that the verdict was insufficient. Regardless of this, however, it is manifest that the evidence to which attention has been directed does not sustain the allowance of more than was awarded in the first verdict; and, if plaintiff cares to file a remittitur of all in excess thereof within thirty days from the filing of this opinion, the judgment, as so reduced, will be affirmed; otherwise it will be reversed.—*Affirmed* on condition.

SHERWIN, J. (dissenting)—Under the issues and on the trial had in the district court, I think there should be an affirmance without modification or condition.