E. D. BULLOCK et al., Appellees, v. JOHN W. SMITH et al., Appellants.

**DOWER:** **Law Governing.** The distributive share or dower interest
1  of a widow in the estate of her deceased husband is determined by the law in force at the time of his death.

**WILLS:** **Rights of Devisees—Code of 1873—Election Between Will**
2  **and Dower.** A widow will not be held, under Sec. 2452, Code of 1873, to have elected to accept a life estate devised to her in her husband's will, in lieu of her statutory dower or distributive share, from the naked fact (1) that, for some 26 years following the death of her husband, and until her death, she occupied, took charge of, and managed the real estate in which the said will gave her a life interest, and (2) that, shortly after her husband's death, she released all possible dower or testamentary right in a portion of the property. (See Book of Anno., Vol. 1, Sec. 12007, Anno. 23 *et seq.*)

**APPEAL AND ERROR:** **Review—Presumption As to Sustaining Facts.**
3  On appeal in an action involving the title to real estate, it will be assumed, in support of the judgment, that the plaintiffs were the proper parties in interest, though the record is indefinite, when they were so treated without objection in the trial below. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 13 *et seq.*; Sec. 11548; Sec. 12845, Anno. 106 *et seq.*)

**Headnote 1:** 18 C. J. p. 809; 19 C. J. p. 461. **Headnote 2:** 40 Cyc. pp. 1976 (Anno.), 1981. **Headnote 3:** 4 C. J. p. 736.

*Appeal from Ida District Court.*—M. E. Hutchison, Judge.

February 9, 1926.

Action to partition real property. Decree as prayed, and the defendants appeal.—*Affirmed.*

*Clark & Clark,* for appellants.

*Johnston & White,* for appellees.

De Graff, C. J.—This is an action in equity for the partition of real property. The controversy finds its origin in the will of John H. Smith, who died March 2, 1896. By the terms of his will, which was duly admitted to probate, a life estate was devised to Mary E. Smith, surviving spouse, in three parcels of real estate, with remainders in fee, respectively, to certain named persons.

Mary E. Smith (life tenant) died intestate August 31, 1922. She did not, by a writing filed of record in the probate court, consent to accept the provisions of the will, and it is not shown that any notice was given her by interested parties, requiring her to file such consent, as provided by statute.

The plaintiff-appellees are the heirs at law of Mary E. Smith by her first husband. The defendant-appellants are the children of John H. Smith by his first wife, or their heirs at law, and are the devisees or the heirs at law of such devisees under the will of John H. Smith.

At the outset, it is to be observed that the interest of the widow, Mary E. Smith, in the estate of her deceased husband (testator herein) is determined by the law in force at the time

of his death. *Van Pappelendam v. Thomas,* 157

1. Dower: law governing.

Iowa 358; *In re Estate of Bernhard,* 134 Iowa 603; *In re Estate of Emerson,* 191 Iowa 900. We quote the statute then in force:

"The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the

proper records of the circuit [district] court." Section 2452, Code of 1873.

Under this law, no election by the widow is effective unless the election was entered of record, or such facts shown as constitute an estoppel.

Appellants, in effect at least, concede that no statutory consent was ever filed by Mary E. Smith to take under the will, but they contend that by her acts and conduct she estopped herself from claiming dower or a distributive share in the estate of her deceased husband. The case, therefore, turns on the question of whether the alleged estoppel is supported by the evidence.

The mere fact that the widow, Mary E. Smith, occupied, took charge of, and looked after the real estate involved herein, after the death of her husband and up to the time of her death, does not create an election on her part to take under the will. There is no evidence that she was ever called upon, or that she refused, to account to her cotenants for the use or rentals of this land. It is said in *Hunter v. Hunter*, 95 Iowa 728:

2. WILLS: rights of devisees: Code of 1873: election between will and dower.

"It is well settled in this state by a long line of decisions of this court that a widow may take a life estate under a will and also her distributive share, or dower, under the law, in the same real estate."

See, also, *Irish v. Steeves*, 154 Iowa 286; *Byerly v. Sherman*, 126 Iowa 447; *Jones v. Jones*, 137 Iowa 382; *Parker v. Parker*, 155 Iowa 65; *Pring v. Swarm*, 176 Iowa 153; *Jackman v. Herrick*, 178 Iowa 1374; *Miksch v. Miksch*, 179 Iowa 716.

Turning to the provisions of the will of the testator, John H. Smith, we find that the widow, Mary E. Smith, was given a life estate in a quarter section of land situate in Cherokee County, Iowa, with remainder over in fee to his son John W. Smith, one of the defendants herein; that a life estate was given to the widow, Mary E. Smith, in a quarter section of land situate in Ida County, Iowa, with remainder over in fee to his daughters Martha A. Linton and Harriet L. Chadwick, defendants herein; that a life estate was given to the widow, Mary E. Smith, in certain lots situate in Galva, Iowa, with remainder over in fee to his son John W. Smith and his granddaughters

Christine and Anna Petersen, defendants herein. This appeal
involves the Ida quarter section and the Galva town lots.

It appears that the devisee John W. Smith filed objections
to the probate of the will of John H. Smith, his father, and, to
avoid this contest, a written contract, on April 9, 1896, was
entered into between him and Mary E. Smith, the widow, by
the terms of which he agreed to convey his interest in the Galva
property and to secure the conveyance from his tenants in com-
mon; and Mary E. Smith conveyed to him all her interest in
the Cherokee County quarter section, in words as follows: ·

"All her right, title and interest, including her right of
dower as widow of the said John H. Smith also including all
her right, title and interest which she may have or become pos-
sessed by virtue of the terms of the will of the said John H.
Smith, deceased."

It is contended by the appellants that this contract consti-
tuted an election on her part to take under the will. We do not
accept this viewpoint. The contract tends to show that she in-
tended to retain her distributive share. In any event, it is not
such an election as contemplated by the statute. It is not shown
that Mary E. Smith ever stated to anyone that she elected to
take under the will or that she did not claim her statutory rights
in the property. The contract herein mentioned does not appear
to have been filed in probate. Her right of election had not been
extinguished at the time the contract was executed. In brief,
all she attempted to do was to convey whatever interest she had
or might elect to take in the property. None of the elements of
an estoppel are present in this transaction.

It is suggested in argument by appellants that the record
does not show that the appellees are the heirs at law of Mary
E. Smith, or that they have any interest whatever in the prop-

3. APPEAL AND
ERROR: review:
presumption as
to sustaining
facts.

erty. It is true that the answer denied each and
all of the allegations of the petition not other-
wise admitted or answered. Whether a general
denial is sufficient to raise the question, we do
not decide. The answer as amended does refer to "the said
Mary E. Smith or the plaintiffs, her heirs." However, we do
not view this particular question as an issue to be determined
on this appeal. We must assume that appellees have as much

interest in the title to be conveyed to a purchaser of the property as appellants. The decree recited that the land could not be partitioned in kind, and ordered that it should be sold.

There can be no doubt that all parties viewed the appellees as the heirs at law of Mary E. Smith; and, as all were interested in having a proper decree entered, we think it is safe to assume that, if any or all of appellees were not in fact heirs at law of Mary E. Smith, appellants would, for their own protection, have so shown. There is nothing in the record to indicate that the omission to make strict proof was in any way called to the attention of the trial court. The trial court must have considered the allegation in the answer as an admission on the part of appellants.

We find no error in the record, and the decree is—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.